```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
In re:                                                            :
                                                                  :   Chapter 7
         THOMAS R. HEAVEY,                                        :   Case No. 14-46201 (NHL)
                                                                  :
                                Debtor.                           :
----------------------------------------------------------------- X
                                                                  :
JOHN S. PEREIRA, as Chapter 7 Trustee of the                      :
Estate of Thomas R. Heavey,                                       :
                                                                  :
                                Plaintiff-Appellee,               :   16 Civ. 1665 (BMC)
                                                                  :
                       - against -                                :
                                                                  :
 397 REALTY LLC,                                                  :
                                                                  :
                                Defendant-Appellant.              :
                                                                  :
----------------------------------------------------------------- X
```

## SUMMARY DISPOSITION OF BANKRUPTCY APPEAL

**COGAN**, District Judge.

This appeal is from an Order and Judgment of the Bankruptcy Court dated March 31, 2016 (Lord, Bankruptcy Judge), which, in substantial part, declared void and expunged a judgment lien obtained by the appellant-creditor on property of the estate, and held appellant in contempt of the automatic stay. In re Heavey, 549 B.R. 1 (Bankr. E.D.N.Y. 2016). The Judgment was a final judgment in an adversary proceeding and I have jurisdiction under 28 U.S.C. § 158(a)(1). The issues are: (1) whether the Trustee is chargeable with constructive notice of a judgment lien despite the County Clerk's error in failing to record a duly-obtained pre-petition extension of the judgment lien until after the petition date; (2) whether the County Clerk's post-petition correction of the error makes the lien enforceable against the Trustee; and (3) whether the creditor's post-petition inquiry to the County Clerk as to the status of its

prepetition filing, which resulted in the County Clerk correcting the error and recording the judgment, violated the automatic stay.[1]

The Bankruptcy Court resolved each of these issues in favor of the Trustee, finding that the lien had lapsed; that the Trustee was not chargeable with constructive notice of it; that it was not reinstated by the County Clerk's post-petition corrective action; and that appellant's inquiry of the County Clerk violated the automatic stay.

Familiarity with that decision is assumed. I affirm the Bankruptcy Court's decision with regard to the absence of constructive notice and the avoidance of the post-petition recording of the lien for the reasons aptly stated by the Bankruptcy Court; no further discussion of those issues is necessary. I write in greater detail to reverse its finding on the automatic stay.

I cannot agree that appellant violated the automatic stay by its post-petition inquiry of the County Clerk as to why appellant's file-stamped copy of the extension order, submitted to the County Clerk pre-petition, had never made it onto the judgment roll. Under the automatic stay provision of the Bankruptcy Code, the filing of the petition "operates as a stay of . . . any act to create, perfect or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The Bankruptcy Court noted that appellant had indisputably undertaken an "act" by contacting the Clerk. That is true, but the question is not just whether appellant undertook "any act," but

---

[1] In the instant appeal, appellant also argues that its lien should have at least been upheld as to the interest of the debtor's non-debtor spouse, with whom the debtor jointly owned the property. This argument was not raised in the briefing to the Bankruptcy Court and was therefore not addressed in its decision. I will not consider it here. See In re Johns-Manville Corp., 759 F.3d 206, 219 (2d Cir. 2014). Appellant's citation to the transcript of the oral argument before the Bankruptcy Court, in an effort to show that the issue was preserved, is disingenuous. There was another matter on before the Bankruptcy Court that day, namely, the Trustee's motion to approve the Trustee's settlement with the non-debtor spouse and the preservation of appellant's right to enforce its judgment against her *in personam*, regardless of the status of the lien. That was the matter being discussed in the cited portions of the transcript, and the Bankruptcy Court had no notice at all that appellant wanted to argue that its lien should be preserved as to the interest of the non-debtor spouse, which is why the Bankruptcy Court did not address it. In any event, the brief references in the transcript to which appellant relies are wholly inadequate to preserve the issue since its briefs did not mention it at all.

whether it was an "act . . . to create" or, in this case, extend, "any lien against property of the estate." The Bankruptcy Court concluded that since appellant's act *resulted in* the County Clerk's docketing of the extension order, thereby creating the lien, appellant's act violated the stay.

I view the structure of § 362(a)(4) differently. An "act *to create*" suggests to me that the act must have as its purpose the creation of the lien, not just that the act gave rise to the lien as a collateral result of the act. The statute does not prohibit "any act that creates" an interest, or "any act that leads to the creation" of an interest, which would justify the result-oriented perspective that the Bankruptcy Court took. Although the creditor need not know that he is violating the automatic stay for a violation to occur, see V&R Fine Art, Inc. v. One Oil on Canvas Painting, No. 08-cv-5031, 2009 WL 637156, at *3 (S.D.N.Y. Feb. 13, 2009), he must intend or at least reasonably anticipate bringing about the consequences of his act.

The Trustee has not challenged appellant's description of the facts as constituting a mere inquiry to the County Clerk, not a request for action. It was an inquiry made in the face of the Trustee's surprising revelation to appellant, through the commencement of the adversary proceeding, that there was no lien, because the extension order which appellant had duly filed with the County Clerk pre-petition had never found its way to the docket. Under those circumstances, where appellant knew it had filed the appropriate paper (the extension order) prior to the petition date, it was not seeking to create a lien when it made inquiry of the County Clerk – it was merely asking what the devil had happened to its $1.1 million lien (something about which the parties still seem unsure; as the Bankruptcy Court noted, the error happened "[f]or reasons unknown"). That is quite different than saying to the County Clerk, "whatever

3

happened, you need to fix this now," but the Bankruptcy Court treated appellant's action as if that was what appellant had said to the County Clerk.

It is probably true that a post-petition act to acquire an interest in the debtor's property need not necessarily be willful. If a creditor takes an act for which the reasonably foreseeable consequence is the creation of such an interest, then the act may violate the automatic stay; at that point, it may be too difficult to distinguish intent from consequence. But the Bankruptcy Court did not find such reasonable foreseeability here, focusing instead on the result that occurred, and I frankly do not see reasonable foreseeability. There are a number of actions the County Clerk might have taken in response to appellant's inquiry, including telling appellant, "I'm not your title company, run a title search yourself, and whatever it shows, it shows;" or, if he determined that he had erred (as he apparently did here), the County Clerk might have determined that he might make things worse (as in some ways he did) by unilaterally correcting his error without the protection or comfort of some kind of court order, and advised appellant to get a *nunc pro tunc* order from the Supreme Court, or an Article 78 judgment in the nature of mandamus directing him (the County Clerk) to correct the error (neither of which appellant could have done in light of the automatic stay); if he knew there was a bankruptcy, he might have suggested appellant seek relief there. I do not perceive as reasonably foreseeable to appellant that the County Clerk would do what he did, and simply docket the extension order as if nothing amiss had ever happened simply because he was asked what had happened. Indeed, if anyone involved in this matter took an "act . . . to create a lien," it was the County Clerk, not appellant.

Two observations support this reasoning. First, it must be remembered that the automatic stay acts as a form of injunctive relief. See 11 U.S.C. § 362(a); In re Keene Corp., 164 B.R. 844 (Bankr. S.D.N.Y. 1994); see also Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074

4

(9th Cir. 2000) (en banc).  Violation of the automatic stay is punishable as a contempt of court.  See In re Chateaugay Corp., 920 F.2d 183 (2d Cir. 1990); In re Congregation Birchos Yosef, 535 B.R. 629 (Bankr. S.D.N.Y. 2015).  Indeed, the Bankruptcy Court's Judgment indicates that it intends to hold a hearing to determine whether sanctions are appropriate, and no doubt the Trustee would press at that hearing to recover at least his attorneys' fees incurred in prosecuting the adversary proceeding.  Yet it is axiomatic that a violation of an injunction must be based on clear and unambiguous language, and contempt will only be found if the contemnor intends to take the act that the injunction prohibits.  See King v. Allied Vision, Ltd., 65 F.3d 1051 (2d Cir. 1995).

Second, it is not as if the finding of a stay violation is necessary to expunge the lien.  As the Bankruptcy Court correctly found, the Trustee's strong-arm powers under § 544(a)(3) provide an alternative ground for avoiding it.  The Bankruptcy Court properly rejected appellant's contention that New York law would impose constructive notice on the Trustee, standing in the shoes of a bona fide purchaser, based upon matters not reflected on the title, that would limit the Trustee's strong-arm power.  Thus, it is not necessary to expand the already-broad construction of § 362 in a way that would introduce the concept of proximate cause to the

analysis of whether there was a stay violation.[2]

The Order and Judgment of the Bankruptcy Court is REVERSED as to its holding on the automatic stay, and otherwise AFFIRMED.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 13, 2016

---

[2] The Bankruptcy Court relied on In re Parr Meadows Racing Ass'n, 880 F.2d 1540 (2d Cir. 1989), but that case has little to do with the issue here.  First, liens in favor of government entities that arise by operation of law, particularly tax liens, are *sui generis*, carrying with them their own special treatment and exemptions as governmental interests under § 362.  More importantly, the Second Circuit's analysis that even no action can constitute an "act" under § 362 was dictum; the Court made that observation after first holding that "the tax liens here did not come passively into being 'by operation of law'; rather, they were created and perfected as a direct result of the county's assessment and taxation process, which consists of several 'affirmative acts' by county, town, and school district officers, administrators, and agents." Id. at 1545.